C. BENJAMIN BURGER, Respondent, *v.* CHARLES G. KIRCHHOF, Appellant.

Third Department, December 28, 1917.

**Master and servant — negligence — injury to employee while tearing down building — Labor Law, section 18 — erroneous charge.**

Where the plaintiff, while assisting in tearing down a barn, fell and was injured through the breaking of a platform on which he was standing, at a time when the building was nearly demolished, it is error for the court to charge that there is a presumption of negligence on the part of the master by virtue of section 18 of the Labor Law. Said section relates only to employees injured in the erection, repairing, altering or painting of a building and not to those who are engaged in tearing it down.

APPEAL by the defendant, Charles G. Kirchhof, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 4th day of January, 1917, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 25th day of January, 1917, denying defendant's motion for a new trial made upon the minutes.

*Weil, La Guardia & Espen* [*Herman Espen* and *Jesse Weil*, of counsel], for the appellant.

*John W. Eckert* [*Charles W. Walton* of counsel], for the respondent.

KELLOGG, P. J.:

The plaintiff, while assisting in tearing down a barn belonging to the defendant, was precipitated to the ground by the breaking of some boards or a platform upon which he was standing while assisting in removing a girder. When the plaintiff arrived at the building he says: " Everything was taken down but just the plate and the girts or bents    *  *  *; the siding was off and the roof." This makes it plain that the building was nearly destroyed as a building and that the plaintiff knew it when he began the work.

The court charged the jury that there is a presumption

of negligence on the part of the master by virtue of section 18 of the Labor Law, to which charge the defendant excepted. That section only relates to employees engaged " in the erection, repairing, altering or painting of a house, building or structure " and not to those who are engaged in tearing it down. (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], § 18, as amd. by Laws of 1911, chap. 693.) The charge, therefore, was erroneous and was prejudicial to the defendant, and calls for a reversal.

The judgment and order should, therefore, be reversed, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.